## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

British Telecommunications plc, CIF
Licensing, L.L.C., GE Technology
Development, Inc., Fujitsu Limited, LG
Electronics, Inc., Mitsubishi Electric
Corp., Samsung Electronics Co., Ltd.,
Thomson Licensing, The Trustees of
Columbia University in the City of New
York, U.S. Philips Corp., Koninklijke
Philips Electronics, N.V., Victor
Company of Japan, Ltd., and Sony
Corp.,

C.A. No. 09 CV 7114 (SCR)

**JURY TRIAL DEMANDED**

Plaintiffs,

-against-

Haier America Trading, L.L.C., Haier
Group Co., and HAIM L.L.C., f/k/a
Haier America Import L.L.C.,

Defendants.

---------------------------------------------------X

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs British Telecommunications plc ("BT"), CIF Licensing, L.L.C., d/b/a
GE Licensing ("CIF") and GE Technology Development, Inc. ("GETD") (collectively "GE"),
Fujitsu Limited ("Fujitsu"), Thomson Licensing ("Thomson"), Victor Company of Japan, Ltd.
("JVC"), and Sony Corp. ("Sony") by their undersigned attorneys, for their complaint against
defendants Haier America Trading, L.L.C., Haier Group Co., and HAIM L.L.C., f/k/a Haier
America Import, L.L.C. (collectively "Haier" or "Defendants")  with respect to MPEG-2
technology allege as follows:

Plaintiffs LG Electronics, Inc. ("LG"), Mitsubishi Electric Corp. (alternatively named Mitsubishi Denki Kabushiki Kaisha) ("Mitsubishi"), Samsung Electronics Co., Ltd. ("Samsung"), The Trustees of Columbia University in the City of New York ("Columbia"), U.S. Philips Corp. ("U.S. Philips") and Koninklijke Philips Electronics, N.V. ("KPENV") (collectively "Philips") by their undersigned attorneys, for their complaint against defendants Haier America Trading, L.L.C., Haier Group Co., and HAIM L.L.C., f/k/a Haier America Import, L.L.C. (collectively "Haier" or "Defendants") with respect to MPEG-2 technology and ATSC technology allege as follows:

## SUMMARY OF CLAIMS

1.      This is a patent infringement action brought against Defendants by BT, GE, Fujitsu, LG, Mitsubishi, Samsung, Thomson, Columbia, Philips, JVC and Sony because of Defendants' infringement of plaintiffs' MPEG-2 patents, which are all essential to the practice of the world-wide video compression standard known as MPEG-2 (formally known as ISO/IEC IS 13818-1 and/or ISO/IEC IS 13818-2), and because of Defendants' infringement of plaintiffs' ATSC patents, which are all essential to the practice of the digital terrestrial television system known as ATSC.

2.      There are many consumer electronic devices that can display digital video signals that have been compressed according to the MPEG-2 standard, including digital television sets, TV/DVD combos (i.e. digital television with a built-in DVD player), and DVD players. Digital television sets and digital TV/DVD combos also can receive terrestrial broadcast television according to the ATSC digital television system.

3.      MPEG-2 is a compression technology that can be used for digital video signals, e.g., moving picture signals in movies or television. Generally, to produce an MPEG-2

compliant signal or bitstream, a digital video signal is compressed/encoded to remove redundant or visually insignificant information.  The encoding/compression reduces the amount of information needed to represent the video signal so that it can be stored in a smaller storage area or transmitted in a lower capacity communication channel.  Alternatively, MPEG-2 enables storage or transmission of more or higher fidelity video signals.  For example, without compression, a 133 minute long movie would require over 25 DVD discs for storage.  Using MPEG-2, a good quality 133 minute long movie can be stored on a single DVD disc.  In the case of terrestrial broadcast, MPEG-2 enables transmission of a high definition television ("HDTV") signal of 1920 x 1080 pixel resolution within a signal of the same bandwidth previously required to carry a standard definition television signal of, for example, 720 x 480 pixel resolution. MPEG-2 also enables transmission of at least four standard definition television signals in the same frequency channel that previously could carry only one standard definition television signal.

4.    MPEG-2 is currently employed in and makes possible the storage, playing, transmission and reproduction of full-length films on DVD discs, digital terrestrial broadcast television, digital satellite television broadcasts, and digital cable television.  Numerous consumer products thereby use software and/or hardware to encode and/or decode video in compliance with the MPEG-2 standard, including but not limited to video telecommunications equipment; disc players or recorders, including DVD players and recorders; Blu-ray Disc® players and recorders; personal video recorders and digital video recorders; television sets; personal computers; portable media players; camcorders; cameras; video receivers, including internet protocol television ("IPTV"), terrestrial, satellite and cable receivers, set-top boxes,

converters, or descramblers; and video game consoles/video game equipment. Consumer spending on these products in the United States amounts to billions of dollars per year.

     5.     The ATSC digital television system is described in the following documents (available at http://www.atsc.org): ATSC Document A/53: "ATSC Digital Television Standard Part 1-6," 2007 (hereafter "A/53"); ATSC Document A/65: Program and System Information Protocol for Terrestrial Broadcast and Cable, Revision C, with Amendment No. 1 (hereafter "A/65"); ATSC Document A/54: Recommended Practice: Guide to the Use of the ATSC Digital Television Standard, including Corrigendum No. 1 (hereafter "A/54"); ATSC Document A/74: ATSC Recommended Practice: Receiver Performance Guidelines with Corrigendum No. 1, (hereafter "A/74"); and ATSC Document A/69: ATSC Recommended Practice: Program and System Information Protocol Implementation Guidelines for Broadcasters (hereafter "A/69"). *See* 47 CFR 15.122, 73.682(d), 301.2 and 301 Sec. Technical Appendix 1.

     6.     Television can be transmitted by different methods, such as by cable, satellite, or terrestrial broadcast. Terrestrial broadcast television is television that is transmitted on radio frequency channels through the air from broadcast antennas to television antennas.

     7.     Historically, terrestrial broadcast television in the United States has been transmitted by an analog system developed by the National Television System Committee, commonly known as NTSC. In 1995, the Federal Communications Commission (the "FCC") adopted a digital television system developed by the Advanced Television Systems Committee, Inc., commonly known as ATSC, for digital terrestrial television broadcasts. The FCC has mandated that the ATSC digital television system completely replace the NTSC analog system, and currently many terrestrial broadcast television signals are broadcast according to the ATSC digital television system. The ATSC digital television system mandates encoding/compressing

the video signal according to the MPEG-2 Standard and furthermore mandates that all digital televisions must be able to decode/decompress such video according to the MPEG-2 Standard.

8.      Use of the patents-in-suit is essential to the practice of the MPEG-2 standard and to the practice of the ATSC digital television system.

9.      Defendants manufacture, offer to sell, sell, use, and/or import a number of products with MPEG-2 and ATSC functionality.  These products include digital television sets, digital TV/DVD combos, and DVD players ("Defendants' MPEG-2 Products and ATSC Products").

10.     Defendants are infringing the patents-in-suit by, among other things, making, importing, using, offering to sell and/or selling in the United States and in this judicial district Defendants' MPEG-2 Products and ATSC Products, which employ the MPEG-2 patented technology and the ATSC patented technology.

11.     Defendants' website advertises infringing MPEG-2 Products and infringing ATSC Products that include, but are not limited to, the following: (i) televisions, including models: HL22F1, HL22FW1, HL22FG1, HL22FR1, HL22FO1, HL19K1, HL22K1, HL26K1, HL32K1, HL42XK1, HL47K, HL42XR1, HL32R1, HL26R1, HL22R1, HL19R1, HL42R, HL32R, HL26R, HL22R, HL19R, HL15R, HTR20, HTR13, HLT10 and HLT71; (ii) TV/DVD player combos, including models: TCF20, TCR20, TCR13 and HLTD7; and (iii) DVD players, including models: DVD50, DVD101, DVD110, PDVD9KIT, PDVD780 and PDVD7770.

12.     All the products listed above are MPEG-2 Products and at least the television sets and the TV/DVD combos are also ATSC products.

13.     Defendants have had an opportunity to license the MPEG-2 and the ATSC patents-in-suit by either licensing one or more such patents directly from the individual plaintiffs or, in the alternative, by taking a license from MPEG LA, L.L.C. ("MPEG LA").  *See, e.g.,* email dated October 12, 2007, from Dean Skandalis to Charles Green.  (Exhibit ("Exh.") 1)  MPEG LA offers a non-discriminatory patent portfolio license for many patents essential to the practice of the MPEG-2 standard, including all the MPEG-2 patents-in-suit, as well as a non-discriminatory patent portfolio license for many patents essential to the ATSC digital television system, including the ATSC patents-in-suit.

14.     MPEG LA is a company that offers a "one-stop shop" license for patents from many companies, which patents are essential to the MPEG-2 standard ("MPEG-2 License").  MPEG LA also offers a "one-stop shop" license for patents from many companies, which patents are essential to the ATSC digital television system ("ATSC License").  All of the patents-in-suit are licensed in the MPEG-2 License or the ATSC License.  The MPEG-2 License and the ATSC License are offered on a non-discriminatory basis to anyone who requests them. MPEG LA is a non-exclusive licensee of each of the patents-in-suit as well as numerous other patents essential to the practice of the MPEG-2 standard and the ATSC digital television system. MPEG LA's licensing program began after the United States Department of Justice reviewed the circumstances surrounding the formation of MPEG LA and its standard MPEG-2 Patent Portfolio License, among other things, and issued a favorable Business Review Letter.  MPEG LA's ATSC patent licensing program is modeled after MPEG LA's licensing program for MPEG-2 technology.

15.     Each plaintiff is committed to license the patents on negotiated bilateral terms satisfactory to both parties.  As an alternative, Defendants, and indeed any potential

licensee, can get either the MPEG-2 License, the ATSC License, or both, from MPEG LA as a convenience to the licensee. Each of the MPEG-2 License and the ATSC License adds an alternative choice to the marketplace, in addition to, not instead of, bilateral licenses with each of the licensors, including the plaintiffs herein.

16.     Competitors of Defendants, such as Toshiba Corp., Sharp Corp., Funai Electric Co., Ltd., Pioneer Corp., Hitachi Electronics, Ltd., and Hewlett-Packard Company are licensed under the applicable MPEG-2 and the ATSC patents, including the patents-in-suit.

17.     Notwithstanding the fact that Defendants were and continue to be aware that their products infringed and are infringing the patents-in-suit, Defendants remain unlicensed under the patents-in-suit.

## JURISDICTION AND VENUE

18.     This action arises under the patent laws of the United States, Title 35, United States Code, including without limitation 35 U.S.C. §§ 271(a), (b), (c) and 281.

19.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

20.     Upon information and belief, Defendant Haier America Trading, L.L.C., Defendant Haier Group Corp., and Defendant HAIM L.L.C., through their own acts and/or through the acts of their affiliated corporations, acting as their agents or alter egos, manufacture, import, use, offer to sell, and/or sell infringing products through regular distribution channels knowing such products would be used, offered for sale and/or sold in this judicial district.

21.     Upon information and belief, Defendant Haier America Trading, L.L.C., Defendant Haier Group Co., and Defendant HAIM L.L.C., purposefully and knowingly actively induce the infringement of plaintiffs' MPEG-2 and ATSC Patents by importing, using, offering to sell, or selling in the United States and in this judicial district, through members of the Haier

Group Co. such as Haier America Trading, L.L.C. or through other intermediaries, Defendants'

MPEG-2 Products and ATSC Products.

22.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), and

(d), and § 1400(b).

## THE PARTIES

23.     Plaintiff BT is a corporation of the United Kingdom, having its principal

place of business in London, United Kingdom.

24.     Plaintiff CIF is a Delaware corporation, having its principal place of

business in Princeton, New Jersey.

25.     Plaintiff GETD is a Delaware corporation, having its principal place of

business in Princeton, New Jersey.

26.     Plaintiff Fujitsu is a corporation of Japan, having its principal place of

business in Minato-ku, Tokyo, Japan.

27.     Plaintiff LG is a corporation of Korea, having its principal place of

business in Seoul, Korea.

28.     Plaintiff Mitsubishi is a corporation of Japan, having its principal place of

business in Tokyo, Japan.

29.     Plaintiff Samsung is a corporation of Korea, having its principal place of

business in Seoul, Korea.

30.     Plaintiff Thomson is a corporation of France, having its principal place of

business in Boulogne-Billancourt Cedex, France.

31.     Plaintiff Columbia is a not-for-profit corporation of New York, having its

principal place of business in New York, New York.

32.     Plaintiff U.S. Philips is a Delaware corporation, having its principal place of business in Briarcliff Manor, New York.

33.     Plaintiff KPENV is a corporation of the Netherlands, having its principal place of business in Amsterdam, The Netherlands.

34.     Plaintiff JVC is a corporation of Japan, having its principal place of business in Yokohama, Japan.

35.     Plaintiff Sony is a corporation of Japan, having its principal place of business in Tokyo, Japan.

36.     Upon information and belief, defendant Haier America Trading, L.L.C. is a New York company, having its principal place of business in New York, New York.

37.     Upon information and belief, defendant Haier Group Co. is a company of China, having its principal place of business in Qingdao, China.

38.     Upon information and belief, defendant HAIM L.L.C. is a New York company, having its principal place of business in New York, New York.

## DEFENDANTS' INFRINGEMENT

39.     Defendants manufacture, import, use, offer to sell, and/or sell within the United States and in this judicial district MPEG-2 and ATSC Products, including the Defendants' MPEG-2 and ATSC Products.

40.     Defendants' MPEG-2 and ATSC Products are purposefully shipped by Defendants through an established distribution channel and are knowingly sold, among other places, within this judicial district.

41.     The manufacture, importation, use, offer to sell, and/or sale of Defendants' MPEG-2 and ATSC Products directly and/or indirectly infringe the patents-in-suit.

42.     Defendants have published and continue to regularly publish advertisements and product descriptions on the Internet and/or in newspapers and magazines indicating that their products employ the MPEG-2 standard and the ATSC digital television system.

43.     Defendants contributorily infringe plaintiffs' MPEG-2 and ATSC Patents by importing, offering to sell, and/or selling Defendants' MPEG-2 Products and ATSC Products in this judicial district and elsewhere, which products constitute material parts of the inventions claimed in the patents-in-suit, knowing that such products are especially made and/or especially adapted for use in an infringement of the patents-in-suit, and are not staple articles or commodities of commerce suitable for substantial noninfringing use.

44.     Defendants actively induce the infringement of plaintiffs' MPEG-2 and ATSC Patents by importing, using, offering to sell, selling, encouraging, and/or instructing others to use Defendants' MPEG-2 Products and ATSC Products knowing that the use of these products causes others to infringe the plaintiffs' MPEG-2 and ATSC Patents.

45.     On information and belief, Defendants (or their agents or alter egos) are the parties that determined which of their products employ the MPEG-2 standard and the ATSC digital television system.

46.     On information and belief, Defendants (or their agents or alter egos) have knowledge of the functionality of the MPEG-2 standard and the ATSC digital television system.

47.     Defendants' infringing actions were and are without the consent or authority of the plaintiffs.  Defendants do not now have and have never possessed a license under any of the patens-in-suit.

48.     Defendants had knowledge of the patents-in-suit prior to engaging in acts of infringement.  For several years, Defendants have been put on notice of their infringement in various communications, including letters informing Defendants that they remain unlicensed. (*See*, *e.g.*, Exh. 1)  Thus, infringement of the patents in suit by Defendants is willful.

49.     This is an exceptional case and, accordingly, the plaintiffs are entitled to enhanced damages and their attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

50.     The plaintiffs, collectively and individually, have suffered irreparable injury for which there is no adequate remedy at law as a result of Defendants' infringement of the patents-in-suit.  Pursuant to 35 U.S.C. § 283, the plaintiffs are entitled to an injunction against further infringement by an order preventing Defendants from selling any of Defendants' MPEG-2 and ATSC Products in the United States.

## FIRST CAUSE OF ACTION

51.     The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

52.     BT is the legal owner by assignment of United States Letters Patent No. 5,291,284 ("the '284 Patent").  The patent issued on March 1, 1994.

53.     Defendants have infringed and are infringing the '284 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

54.     Unless enjoined, Defendants will continue to infringe the '284 Patent.

## SECOND CAUSE OF ACTION

55.     The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

56.    CIF is the legal owner by assignment of United States Letters Patent No. 5,093,720 (" the '720 Patent"). The patent issued on March 3, 1992.

57.    Defendants have infringed and are infringing the '720 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

58.    Unless enjoined, Defendants will continue to infringe the '720 Patent.

### THIRD CAUSE OF ACTION

59.    The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

60.    CIF is the legal owner by assignment of United States Letters Patent No. 5,091,782 ("the '782 Patent"). The patent issued on February 25, 1992.

61.    Defendants have infringed and are infringing the '782 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

62.    Unless enjoined, Defendants will continue to infringe the '782 Patent.

### FOURTH CAUSE OF ACTION

63.    The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

64.    GETD is the legal owner by assignment of United States Letters Patent No. 5,491,516 ("the '516 Patent"). The patent issued on February 13, 1996.

65.    Defendants have infringed and are infringing the '516 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

66.    Unless enjoined, Defendants will continue to infringe the '516 Patent.

## FIFTH CAUSE OF ACTION

67.    The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

68.    Fujitsu is the legal owner by assignment of United States Letters Patent No. 5,235,618 ("the '618 Patent").  The patent issued on August 10, 1993.

69.    Defendants have infringed and are infringing the '618 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

70.    Unless enjoined, Defendants will continue to infringe the '618 Patent.

## SIXTH CAUSE OF ACTION

71.    The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

72.    LG is the legal owner by assignment of United States Letters Patent No. Reissue 37,057 ("the '057 Patent").  The patent issued on February 20, 2001.

73.    Defendants have infringed and are infringing the '057 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

74.    Unless enjoined, Defendants will continue to infringe the '057 Patent.

## SEVENTH CAUSE OF ACTION

75.    The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

76.    LG is the legal owner by assignment of United States Letters Patent No. Reissue 37,568 ("the '568 Patent").  The patent issued on March 5, 2002.

77.    Defendants have infringed and are infringing the '568 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

78.    Unless enjoined, Defendants will continue to infringe the '568 Patent.

**EIGHTH CAUSE OF ACTION**

79.    The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

80.    LG is the legal owner by assignment of United States Letters Patent No. 6,175,718 ("the '718 Patent"). The patent issued on January 16, 2001.

81.    Defendants have infringed and are infringing the '718 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

82.    Unless enjoined, Defendants will continue to infringe the '718 Patent.

**NINTH CAUSE OF ACTION**

83.    The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

84.    LG is the legal owner by assignment of United States Letters Patent No. 7,051,359 ("the '359 Patent"). The patent issued on May 23, 2006.

85.    Defendants have infringed and are infringing the '359 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

86.    Unless enjoined, Defendants will continue to infringe the '359 Patent.

## TENTH CAUSE OF ACTION

87.     The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

88.     LG is the legal owner by assignment of United States Letters Patent No. 7,051,361 ("the '361 Patent").  The patent issued on May 23, 2006.

89.     Defendants have infringed and are infringing the '361 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

90.     Unless enjoined, Defendants will continue to infringe the '361 Patent.

## ELEVENTH CAUSE OF ACTION

91.     The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

92.     LG is the legal owner by assignment of United States Letters Patent No. 7,080,401 ("the '401 Patent").  The patent issued on July 18, 2006.

93.     Defendants have infringed and are infringing the '401 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

94.     Unless enjoined, Defendants will continue to infringe the '401 Patent.

## TWELFTH CAUSE OF ACTION

95.     The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

96.     LG is the legal owner by assignment of United States Letters Patent No. Reissue 36,980 ("the '980 Patent").  The patent issued on December 5, 2000.

97.    Defendants have infringed and are infringing the '980 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

98.    Unless enjoined, Defendants will continue to infringe the '980 Patent.

### THIRTEENTH CAUSE OF ACTION

99.    The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

100.    Mitsubishi is the legal owner by assignment of United States Letters Patent No. 5,990,960 ("the '960 Patent").  The patent issued on November 23, 1999.

101.    Defendants have infringed and are infringing the '960 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

102.    Unless enjoined, Defendants will continue to infringe the '960 Patent.

### FOURTEENTH CAUSE OF ACTION

103.    The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

104.    Mitsubishi is the legal owner by assignment of United States Letters Patent No. 6,097,759 ("the '759 Patent").  The patent issued on August 1, 2000.

105.    Defendants have infringed and are infringing the '759 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

106.    Unless enjoined, Defendants will continue to infringe the '759 Patent.

## FIFTEENTH CAUSE OF ACTION

107.    The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

108.    Mitsubishi is the legal owner by assignment of United States Letters Patent No. 7,362,805 ("the '805 Patent").  The patent issued on April 22, 2008.

109.    Defendants have infringed and are infringing the '805 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

110.    Unless enjoined, Defendants will continue to infringe the '805 Patent.

## SIXTEENTH CAUSE OF ACTION

111.    The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

112.    Mitsubishi is the legal owner by assignment of United States Letters Patent No. 5,488,418 (" the '418 Patent").  The patent issued on January 30, 1996.

113.    Defendants have infringed and are infringing the '418 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271 (a)-(c).

114.    Unless enjoined, Defendants will continue to infringe the '418 Patent.

## SEVENTEENTH CAUSE OF ACTION

115.    The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

116.    Mitsubishi is the legal owner by assignment of United States Letters Patent No. 5,734,430 ("the '430 Patent").  The patent issued on March 31, 1998.

117.    Defendants have infringed and are infringing the '430 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271 (a)-(c).

118.    Unless enjoined, Defendants will continue to infringe the '430 Patent.

## EIGHTEENTH CAUSE OF ACTION

119.    The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

120.    Mitsubishi is the legal owner by assignment of United States Letters Patent No. 5,793,432 ("the '432 Patent").  The patent issued on August 11, 1998.

121.    Defendants have infringed and are infringing the '432 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271 (a)-(c).

122.    Unless enjoined, Defendants will continue to infringe the '432 Patent.

## NINETEENTH CAUSE OF ACTION

123.    The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

124.    Samsung is the legal owner by assignment of United States Letters Patent No. 5,461,421 ("the '421 Patent").  The patent issued on October 24, 1995.

125.    Defendants have infringed and are infringing the '421 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

126.    Unless enjoined, Defendants will continue to infringe the '421 Patent.

## TWENTIETH CAUSE OF ACTION

127.    The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

128.    Samsung is the legal owner by assignment of United States Letters Patent No. 5,654,706 ("the '706 Patent").  The patent issued on August 5, 1997.

129.    Defendants have infringed and are infringing the '706 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

130.    Unless enjoined, Defendants will continue to infringe the '706 Patent.

## TWENTY-FIRST CAUSE OF ACTION

131.    The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

132.    Samsung is the legal owner by assignment of United States Letters Patent No. 6,680,975 ("the '975 Patent").  The patent issued on January 20, 2004.

133.    Defendants have infringed and are infringing the '975 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

134.    Unless enjoined, Defendants will continue to infringe the '975 Patent.

## TWENTY-SECOND CAUSE OF ACTION

135.    The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

136.    Samsung is the legal owner by assignment of United States Letters Patent No. 7,292,657 ("the '657 Patent").  The patent issued on November 6, 2007.

137.   Defendants have infringed and are infringing the '657 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271 (a)-(c).

138.   Unless enjoined, Defendants will continue to infringe the '657 Patent.

## TWENTY-THIRD CAUSE OF ACTION

139.   The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

140.   Samsung is the legal owner by assignment of United States Letters Patent No. 6,104,436 ("the '436 Patent").  The patent issued on August 15, 2000.

141.   Defendants have infringed and are infringing the '436 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271 (a)-(c).

142.   Unless enjoined, Defendants will continue to infringe the '436 Patent.

## TWENTY-FOURTH CAUSE OF ACTION

143.   The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

144.   Samsung is the legal owner by assignment of United States Letters Patent No. 6,184,938 ("the '938 Patent").  The patent issued on February 6, 2001.

145.   Defendants have infringed and are infringing the '938 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271 (a)-(c).

146.   Unless enjoined, Defendants will continue to infringe the '938 Patent.

## TWENTY-FIFTH CAUSE OF ACTION

147.    The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

148.    Samsung is the legal owner by assignment of United States Letters Patent No. 6,480,239 ("the '239 Patent").  The patent issued on November 12, 2002.

149.    Defendants have infringed and are infringing the '239 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271 (a)-(c).

150.    Unless enjoined, Defendants will continue to infringe the '239 Patent.

## TWENTY-SIXTH CAUSE OF ACTION

151.    The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

152.    Samsung is the legal owner by assignment of United States Letters Patent No. 6,937,292 ("the '292 Patent").  The patent issued on August 30, 2005.

153.    Defendants have infringed and are infringing the '292 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271 (a)-(c).

154.    Unless enjoined, Defendants will continue to infringe the '292 Patent.

## TWENTY-SEVENTH CAUSE OF ACTION

155.    The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

156.    Thomson is the legal owner by assignment of United States Letters Patent No. 5,422,676 ("the '676 Patent").  The patent issued on June 6, 1995.

157.    Defendants have infringed and are infringing the '676 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

158.    Unless enjoined, Defendants will continue to infringe the '676 Patent.

### TWENTY-EIGHTH CAUSE OF ACTION

159.    The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

160.    Thomson is the legal owner by assignment of United States Letters Patent No. 5,459,789 ("the '789 Patent").  The patent issued on October 17, 1995.

161.    Defendants have infringed and are infringing the '789 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

162.    Unless enjoined, Defendants will continue to infringe the '789 Patent.

### TWENTY-NINTH CAUSE OF ACTION

163.    The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

164.    Thomson is the legal owner by assignment of United States Letters Patent No. 7,020,204 ("the '204 Patent").  The patent issued on March 28, 2006.

165.    Defendants have infringed and are infringing the '204 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

166.    Unless enjoined, Defendants will continue to infringe the '204 Patent.

## THIRTIETH CAUSE OF ACTION

167.    The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

168.    Columbia is the legal owner by assignment of United States Letters Patent No. Reissue 35,093 ("the '093 Patent").  The patent issued on November 21, 1995.

169.    Defendants have infringed and are infringing the '093 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

170.    Unless enjoined, Defendants will continue to infringe the '093 Patent.

## THIRTY-FIRST CAUSE OF ACTION

171.    The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

172.    Columbia is the legal owner by assignment of United States Letters Patent No. 7,199,836 ("the '836 Patent").  The patent issued on April 3, 2007.

173.    Defendants have infringed and are infringing the '836 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

174.    Unless enjoined, Defendants will continue to infringe the '836 Patent.

## THIRTY-SECOND CAUSE OF ACTION

175.    The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

176.    U.S. Philips is the legal owner by assignment of United States Letters Patent No. 5,844,867 ("the '867 Patent"), while KPENV is the exclusive licensee of the '867

Patent in the field of products that comply with the MPEG-2 Standard.  The patent issued on December 1, 1998.

  177. Defendants have infringed and are infringing the '867 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

  178. Unless enjoined, Defendants will continue to infringe the '867 Patent.

### THIRTY-THIRD CAUSE OF ACTION

  179. The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

  180. KPENV is the legal owner by assignment of United States Letters Patent No. 5,606,539 ("the '539 Patent").  The patent issued on February 25, 1997.

  181. Defendants have infringed and are infringing the '539 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

  182. Unless enjoined, Defendants will continue to infringe the '539 Patent.

### THIRTY-FOURTH CAUSE OF ACTION

  183. The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

  184. U.S. Philips is the legal owner by assignment of United States Letters Patent No. 5,684,541 ("the '541 Patent").  The patent issued on November 4, 1997.

  185. Defendants have infringed and are infringing the '541 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

  186. Unless enjoined, Defendants will continue to infringe the '541 Patent.

## THIRTY-FIFTH CAUSE OF ACTION

187.    The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

188.    JVC is the legal owner by assignment of United States Letters Patent No. 5,103,307 ("the '307 Patent").  The patent issued on April 7, 1992.

189.    Defendants have infringed and are infringing the '307 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

190.    Unless enjoined, Defendants will continue to infringe the '307 Patent.

## THIRTY-SIXTH CAUSE OF ACTION

191.    The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

192.    JVC is the legal owner by assignment of United States Letters Patent No. Reissue 34,965 ("the '965 Patent").  The patent issued on June 13, 1995.

193.    Defendants have infringed and are infringing the '965 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

194.    Unless enjoined, Defendants will continue to infringe the '965 Patent.

## THIRTY-SEVENTH CAUSE OF ACTION

195.    The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

196.    JVC is the legal owner by assignment of United States Letters Patent No. Reissue 35,158 ("the '158 Patent").  The patent issued on February 20, 1996.

197. Defendants have infringed and are infringing the '158 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

198. Unless enjoined, Defendants will continue to infringe the '158 Patent.

### THIRTY-EIGHTH CAUSE OF ACTION

199. The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

200. Sony is the legal owner by assignment of United States Letters Patent No. 5,481,553 ("the '553 Patent"). The patent issued on January 2, 1996.

201. Defendants have infringed and are infringing the '553 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

202. Unless enjoined, Defendants will continue to infringe the '553 Patent.

### THIRTY-NINTH CAUSE OF ACTION

203. The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

204. Sony is the legal owner by assignment of United States Letters Patent No. 5,701,164 ("the '164 Patent"). The patent issued on December 23, 1997.

205. Defendants have infringed and are infringing the '164 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

206. Unless enjoined, Defendants will continue to infringe the '164 Patent.

## FORTIETH CAUSE OF ACTION

207. The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

208. Sony is the legal owner by assignment of United States Letters Patent No. 5,946,042 ("the '042 Patent"). The patent issued on August 31, 1999.

209. Defendants have infringed and are infringing the '042 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

210. Unless enjoined, Defendants will continue to infringe the '042 Patent.

## FORTY-FIRST CAUSE OF ACTION

211. The allegations contained in paragraphs 1 through 50 above are repeated and realleged as if fully set forth herein.

212. Sony is the legal owner by assignment of United States Letters Patent No. 6,040,863 ("the '863 Patent"). The patent issued on March 21, 2000.

213. Defendants have infringed and are infringing the '863 Patent by making, using, offering to sell, or selling Defendants' Products within the United States or importing into the United States Defendants' Products, in violation of 35 U.S.C. §§ 271(a)-(c).

214. Unless enjoined, Defendants will continue to infringe the '863 Patent.

WHEREFORE, plaintiffs demand judgment as follows:

1.     Adjudging, finding, and declaring that Defendants are infringing the patents-in-suit.

2.     Permanently enjoining Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it, from infringing the patents-in-suit.

3.     Awarding the respective plaintiffs an accounting and damages against Defendants in a sum to be determined at trial, together with interest and costs as fixed by the Court; all of these damages to be enhanced in amount up to treble the amount of compensatory damages.

4.     Awarding plaintiffs their reasonable attorneys' fees, costs, and disbursements in this action.

5.     Granting plaintiffs such other and further relief as is just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues that may be so tried.

SULLIVAN & CROMWELL LLP

OF COUNSEL:

By: _Garrard R. Beeney_

Garrard R. Beeney
Emma Gilmore
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Kenneth Rubenstein
Evan L. Kahn
Anthony C. Coles
PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036
(212) 969-3000

*Attorneys for Plaintiffs*
*British Telecommunications plc,*
*CIF Licensing, L.L.C.,*
*GE Technology Development, Inc.,*
*Fujitsu Limited,*
*LG Electronics, Inc.,*
*Mitsubishi Electric Corp.,*
*Samsung Electronics Co., Ltd.,*
*Thomson Licensing,*
*The Trustees of Columbia University in the*
*City of New York,*
*U.S. Philips Corp.,*
*Koninklijke Philips Electronics, N.V.,*
*Victor Company of Japan, Ltd., and*
*Sony Corp.*

Dated: November 23, 2009

Exhibit 1

**Email Message**
_____

**From:**           Skandalis, Dean
**Sent:**           Friday, October 12, 2007 12:04 PM
**To:**             Charles Green
**Cc:**             MD Administration
**Subject:**        MPEG-2 License and ATSC License

Hi again, Charles.

I just left you a voice message but also wanted to send you a quick e-mail to assure that at least one of my communications reaches you.

As I mentioned in my message, we understand that Haier America offers televisions which include MPEG-2 and ATSC functionality. Therefore, Haier America needs coverage under the essential patents in our MPEG-2 Patent Portfolio License and ATSC Patent Portfolio License.

I will be happy to discuss the Licenses via telephone or in person. Just let me know when it will be convenient for you. Meanwhile, I will send you a package (via FedEx) containing the Licenses for your review. You should receive the materials early next week.

I look forward to hearing from you.

Best regards,

Dean Skandalis
Vice President, Licensing
MPEG LA
4601 Willard Avenue
Suite 200
Chevy Chase, Maryland 20815
U.S.A.

+1-301-986-6660 Telephone
+1-301-986-8575 Fax

dskandalis@mpegla.com

http://www.mpegla.com

## AFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                           : ss.:
COUNTY OF NEW YORK)

        DAVID LIEBOV, being duly sworn, deposes and says that he is over 18 and not a party to this action and that on the 23rd day of Nobember, 2009, he served true copies of the attached Second Amended Complaint for Patent Infringement by regular mail, postage prepaid, addressed to:

Steven B. Pokotilow, Esq,
Richard Eskew, Esq.
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038  and

Robert B. Rosen, Esq
Hellring Lindeman Goldstein & Siegal
One Gateway Center
Newark, New Jersey 07102.

Sworn to before me this
23rd day of November, 2009.

Notary Public

LOIS BILOTTI
Notary Public, State of New York
No. 01BI6165205
Qualified in New York County
Commission Expires May 12, 2012