09 CV 7114 (WGY)

## Joint Proposed Case Management Schedule
### British Telecommunications plc et al. v. Haier America Trading, L.L.C. et al.

| Plaintiffs' Proposed Deadline | Discovery Event | Defendant's Proposed Deadline | Discovery Event |
|---|---|---|---|
| September 21, 2010 | Initial Case Management Conference | September 21, 2010 | Initial Case Management Conference |
| October 25, 2010 | Deadline for Serving Initial Disclosures | October 25, 2010 | Deadline for Serving Initial Disclosures |
| October 15, 2010 | First Set of Interrogatories and First Requests for Production of Documents | October 15, 2010 | Interrogatories, ~~including Contention Interrogatories~~, Requests for Production, and Notices of Deposition |
| Shall not be served sooner than 45 days before fact discovery ends. | Contention Interrogatories | November 15, 2010 | ~~Plaintiffs' Infringement Contentions for each Asserted Claim for each Patent in Suit~~ |
|  |  | December 15, 2010 | Defendants' Response to Plaintiffs' Infringement Contentions |
| No later than December 31, 2010 | Defendants to Inform the Court of Inequitable Conduct Claims | No later than December 31, 2010 | Defendants to Inform the Court of Inequitable Conduct Claims |
| January 14, 2011 | Fact Discovery Cutoff |  |  |
| January 17, 2011 | Plaintiffs' List of Claim Terms and Proposed Constructions | January 3, 2011 | ~~Plaintiffs' List of Claim Terms to be Construed and Proposed Constructions~~ |
| January 17, 2011 | Defendants' List of Claim Terms and Proposed Constructions | January 14, 2011 | Defendants' List of Claim Terms to be Construed and Proposed Constructions |
| January 31, 2011 | Simultaneous Opening Claim Construction Briefs | February 10, 2011 | Simultaneous Opening Claim Construction Briefs |
|  |  | February 18, 2011 | ~~Fact Discovery Cutoff~~ |
|  |  | February 18, 2011 | Last Day to Serve Requests for Admission |
| February 14, 2011 | Simultaneous Responsive Claim Construction Briefs | February 24, 2011 | Simultaneous Responsive Claim Construction Briefs |
| To be set by Court | Claim Construction Hearing | To be set by Court | Claim Construction Hearing |
| ~~March 7, 2011~~ | Opening Expert Reports (Party with burden of proof) | February 28, 2011 | Opening Expert Reports (Party with burden of proof) |
| ~~March 14, 2011~~ | ~~Responsive Expert Reports~~ | March 11, 2011 | Responsive Expert Reports |
| ~~March 24, 2011~~ | ~~Expert Discovery Cutoff~~ | March 25, 2011 | Expert Discovery Cutoff |
| No later than April 1, 2011 | Summary Judgment Opening Briefs | No later than April 1, 2011 | Summary Judgment Opening Briefs |
| 10 days after SJ Motion (no later than April 11, 2011) | Summary Judgment Opposition Briefs Due | 10 days after SJ Motion (no later than April 11, 2011) | Summary Judgment Opposition Briefs Due |
| 7 days after SJ Opposition Brief (no later than April 18, 2011) | Summary Judgment Briefing Completed | 7 days after SJ Opposition Brief (no later than April 18, 2011) | Summary Judgment Briefing Completed |
| April 25, 2011 | Identify Trial Witnesses | April 25, 2011 | Identify Trial Witnesses |
| May 2, 2011 | Identify Rebuttal Trial Witnesses | May 2, 2011 | Identify Rebuttal Trial Witnesses |
| June 6, 2011 | Joint Pretrial Order; Joint Proposed Jury Instructions | June 6, 2011 | Joint Pretrial Order; Joint Proposed Jury Instructions |

October 13, 2010    So ordered as the modified as the Case Management Scheduling Order.
Discovery due March 25, 2011
Dispositive motions due April 1, 2011

William G. Young
District Judge

## The Parties' Respective Positions On Scheduling
*British Telecommunications plc et al. v. Haier America Trading, L.L.C. et al.*

**(1) Whether claim terms and proposed constructions will be submitted before or after fact discovery ends?**

Plaintiffs' Position:

      Plaintiffs' proposal contemplates the parties completing fact discovery before submitting claim terms and proposed constructions, and a *Markman* hearing. Defendant's proposed schedule would force plaintiffs to prematurely submit their claim terms and proposed constructions without the benefit of full discovery. By contrast, plaintiffs' proposal puts the parties on equal footing in framing with certainty the claims in dispute and compiling a "full picture" of the dispute. In this way, plaintiffs submit, their proposed schedule would avoid the necessity of piecemeal litigation, narrow the dispute, and in the end ensure a more "just, speedy, and inexpensive determination" of the action. Fed. R. Civ. P. 1.

      Plaintiffs' proposed plan also is consistent with Your Honor's past practices in scheduling discovery in patent infringement actions. *See, e.g., Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, 126 F.Supp.2d 69, 80 (D. Mass. 2001) ("I have consistently taken the procedural approach of conducting the Markman hearing at the summary judgment stage of litigation or at the point when discovery has closed and trial is approaching . . . . I have taken care to note that the benefits of so doing range from constitutional concerns arising from conducting such a hearing too soon to efficiency concerns arising from conducting the hearing too late." (citations omitted). As Your Honor has observed, "[i]t has now become generally accepted that, barring a case so clear that quick resolution is manifestly in the litigant's interests to minimize transaction costs, the best time to hold the Markman hearing is at the summary judgment stage of the litigation-at or near the close of discovery while some time yet remains before trial for the parties to gear up (or settle) in light of the judge's claim construction." *MacNeill Eng'g Co., Inc. v. Trisport, Ltd.*, 126 F.Supp.2d 51, 54 (D. Mass. 2001). With the schedule plaintiffs propose, there will be plenty of time before trial for the parties—fully armed with knowledge of the strengths and weaknesses of their case—to prepare for trial or to settle the action.

Defendant Haier America's Position:

      Defendant Haier America's proposed schedule provides for the early exchange of the parties' respective positions on infringement/non-infringement and the identification of disputed claim terms that may require the Court's construction. Plaintiffs' have commenced an action involving thirteen plaintiffs and forty-one (41) patents. Prior to bringing this litigation, plaintiffs were obligated to conduct a good faith investigation into the factual allegations supporting its accusation of infringement. Defendants' are entitled to understand the basis on which plaintiffs have commenced this action.

Given the tight timeframes under which the parties' must conduct discovery and position the case for *Markman*, summary judgment and possibly trial, it is imperative that Defendant's have the appropriate context on the infringement issues in the case in order to conduct discovery. There is no reason that plaintiffs having been obligated to perform the above-referenced investigation should be permitted to delay disclosure of its infringement contentions to defendants. Because plaintiffs would have the opportunity to supplement their contentions during discovery, there is no danger that the early disclosure of plaintiffs' infringement contentions and identification of claim terms for the Court's construction would prejudice plaintiffs.

Defendant's proposal is consistent with Local Rule 16.6 (Scheduling and Procedures for Patent Cases) and with patent rules of other jurisdictions. Plaintiffs intend to use the cost of discovery in this U.S.-only case as a tactic to extract a worldwide settlement from the Haier companies, including the Haier entity based in China. Defendant is entitled to understand the basis of liability Haier America's proposed discovery plan seeks to handle discovery and claim construction in an orderly fashion, without undue delay, but also with recognition that discovery should be used solely to further this litigation.

**(2) Whether plaintiffs must submit infringement contentions and, if so, whether such submission should be made before or after fact discovery ends?**

Plaintiffs' position:

There is no requirement in the Southern District of New York that plaintiffs make infringement contentions for each claim, let alone do so without the benefit of discovery. Defendant's proposal would require plaintiffs to make infringement contentions before discovery responses are due (so, without benefit of any discovery from defendants) and a full three months before discovery ends. Under Local Civil Rule 33.3(c), any party may propound contention interrogatories, which must be made "at least 30 days prior to the discovery cut-off date." Plaintiffs propose that any contention interrogatories not be served earlier than 45 days before fact discovery ends so no party has to respond without the benefit of full discovery.

The complaint alleges that plaintiffs are owners of essential patents of the digital technology used in consumer products like DVD players and televisions that receive over-the-air digital broadcast signals. So, for example, since the FCC-mandated transition to digital broadcasting, all televisions sold in the U.S. must use digital receivers. As such, any unlicensed television sold in the U.S. that is capable of receiving over-the-air digital broadcast signals infringes plaintiffs' patents. Defendant's insistence that plaintiffs identify the infringing products in advance of discovery is a red herring because there is no danger that defendant will be confused about which of its products employ digital technology. As the complaint alleges, defendant's website advertises dozens of models of digital televisions, DVD players and TV/DVD combos, which wouldn't work without infringing plaintiffs' technology. Indeed, a complete and accurate listing of product lines is information that is uniquely available to the defendant.

At the pleading stage, plaintiffs have no obligation to disassemble every Haier product to identify for Haier each specific claim infringed. In fact, "the specifics of how [a defendant's] infringing device works is something to be determined through discovery." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007). This is all the more so, when, as here, the infringing products operate in accordance to an industry standard:

> "We hold that a district court may rely on an industry standard in analyzing infringement. If a district court construes the claims and finds that the reach of the claims includes any device that practices a standard, then this can be sufficient for a finding of infringement. We agree that claims should be compared to the accused product to determine infringement. However, if an accused product operates in accordance with a standard, then comparing the claims to that standard is the same as comparing the claims to the accused product. We accepted this approach in Dynacore where the court held a claim not infringed by comparing it to an industry standard rather than an accused product. An accused infringer is free to either prove that the claims do not cover all implementations of the standard or to prove that it does not practice the standard."

*Fujitsu Ltd.* v. *Netgear, Inc.* No. 07-cv-0710 (Fed. Cir. September 20, 2010). Because the digital technology that defendant used is based on an industry standard—to which plaintiffs own essential patents—the need for highly technical fact-finding as to each claim is unnecessary because the standard itself provides the required level of specificity.

Defendant Haier America's Position:

Defendant Haier America incorporates by reference its position statement above. As noted above, given plaintiffs' obligation to perform a pre-litigation infringement investigation, plaintiffs cannot complain about a lack of discovery in support of its position. Local Rule 16.6 provides a sample scheduling order that provides that "[n]o later than __ [30] days after the Rule 16 Case Management Conference, the patentee shall serve and file preliminary disclosure of the claims infringed." The disclosure also requires, inter alia, identification of the accused products, production of all documents supporting its contentions, and an infringement claim chart. Thus, Local Rule 16.6 is consistent with Defendant's proposal, and reflects the fact that the patentee should be prepared to provide its contentions very early in the case. Plaintiffs' proposed schedule seeks to avoid this obligation. Local Civil Rule 33.3(c) can be modified by Court order. Given the above, such modification is warranted in this case.

Plaintiffs contend that Defendant's proposal to exchange infringement contentions is a red herring. This is not the case. Plaintiffs accuse Haier branded products of infringing the claims of forty-one patents that purport to cover one or more elements of the technologies referenced in their complaint. The Plaintiffs must prove that Defendant's products infringe patent claims, not alleged "standardized" technologies. Thus, contrary to Plaintiffs' position, the issue is how the accused products specifically meet each element of the asserted claims. This was its pre-litigation obligation and the complaint provides no notice of the specifics of Plaintiffs'

infringement position. Defendant's proposal provides the most efficient and fair process for disclosure of Plaintiffs' specific infringement contentions. Plaintiffs' citation of *Fujitsu Limited v. Netgear, Inc.* No. 07-cv-0710 (Fed. Cir. September 20, 2010) is inapposite, because there the district court had concluded that practice of the alleged standard had, in fact, met the elements of the asserted claims. Plaintiffs have made no such showing here and, at a minimum, should be required to disclose how the accused products practice the alleged standard at issue and how such standards meet each and every element of the claims.